**John HALIJ, parent and natural guardian of Martha Halij, and John Halij, in his own right, Appellants,**

v.

**Joseph FOGARTY.**

No. 18939.

United States Court of Appeals, Third Circuit.

Submitted under 3d Cir. Rule 12(6) Sept. 24, 1971.

Decided Oct. 6, 1971.

William J. Brady, Brady, Flint & Doig, Philadelphia, Pa., for appellants.

Charles Jay Bogdanoff, Gekoski & Bogdanoff, Philadelphia, Pa. (Albert C. Gekoski, Philadelphia, Pa., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In this diversity negligence case a jury returned a verdict for the defendants. The plaintiffs, a minor and her parent, sought recovery for injuries sustained when the minor, while walking on a road, was struck from the rear by the defendant's vehicle. The appellants contend that the evidence so preponderated in their favor as to require a new trial, that comments by defendant's counsel made in the presence of the jury were improper and warrant a new trial, and that the trial judge's charge was inadequate.

There is ample evidence in the record to support a determination by the jury that the minor pedestrian plaintiff was contributorily negligent. One of the comments of defense counsel to which appellants refer was with respect to an out of court statement by the minor plaintiff to a police officer. That statement, in an accident report, was admitted in evidence by stipulation. The other comments by counsel were well within the range of appropriate advocacy. This is evidenced by the failure of the plaintiffs to object to such comments at the time they were made. Most of appellants' complaints about the charge cannot be considered because they were not timely called to the attention of the trial court. Rule 51 Fed.R.Civ.P. Those points as to which specific requests to charge were made are adequately covered in the detailed charge which was given.

The judgment of the district court will be affirmed.